# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ALONZO SMITH REID, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **1:05CV00888** |
| v. ) | **1:04CR336-1** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Alonzo Smith Reid, Jr., a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). (Docket nos. 1, 13 (criminal case).) The court sentenced him to 120 months in prison. (*Id.* docket no. 21.) Petitioner did not appeal.

He then filed this section 2255 motion. (Docket no. 1.)[1] Respondent has responded to the motion. (Docket no. 7.) Petitioner has filed a reply brief. (Docket no. 9.) Petitioner has also submitted a supplemental memorandum. (Docket no. 10.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

Petitioner's sole ground for relief is that counsel, Assistant Federal Public Defender Gregory Davis, rendered ineffective assistance of counsel by failing to file a notice of appeal after Petitioner requested him to do so. (Docket no. 1 at 5.) In order to prove ineffective

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *cert. denied*, 507 U.S. 923, 113 S. Ct. 1289, 122 L.Ed.2d 681 (1993), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. An attorney renders ineffective assistance if he does not file a notice of appeal to which a defendant is entitled after a defendant requests him to do so. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).

In his motion Petitioner states under penalty of perjury that minutes after he was sentenced he asked counsel to take his case to the higher court. (Docket no. 1 at 5.) Petitioner believes that if counsel had appealed he could have received a shorter sentence. (*Id.*) In addition to the statement in his motion form, petitioner submitted a separate

declaration in which he again states that minutes after he was sentenced he asked counsel to take his case to a higher court. (*Id.* attachment.)

However, in his supplemental memorandum Petitioner states that he directed someone else to file his motion on his behalf and that person mistakenly stated that Petitioner had asked counsel to appeal. (Docket no. 10 at 2.) Petitioner says that he "never told his trial attorney to file an Appeal, instead, Affiant simply asked his attorney 'what more can you do to get me a lesser sentence?'." (*Id.*) Petitioner states that he wishes to withdraw his original motion or amend it. He attaches a new argument that he should be resentenced in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). (Docket no. 10.) Petitioner also states in a separate declaration that counsel advised him about the time limitation for appealing and that counsel asked if he wanted to appeal. (*Id.* at 8.) Counsel told him that he did not think that Petitioner had any grounds to appeal upon. (*Id.*)

Counsel has responded by affidavit to Petitioner's claim. He states that the advisory guideline range was 151-188 months as found in Petitioner's presentence report. (Docket no. 7, ex. 1.) After counsel argued for a lesser sentence, the court sentenced Petitioner to 120 months in prison. (*Id.*) Counsel says that he told petitioner of the possibility of the government appealing due to his sentence below the advisory guideline range. Petitioner agreed with counsel that he should not appeal. (*Id.*) Counsel further states that he received two letters after sentencing from Petitioner in which Petitioner did not mention an appeal. (*Id.*)

The record therefore conclusively shows that counsel consulted with Petitioner about an appeal but that Petitioner never asked counsel to file a notice of appeal and agreed that he should not appeal. Counsel did not render ineffective assistance by following Petitioner's wishes in this regard. *See Roe*, 528 U.S. 470. Petitioner's sole ground for relief should be dismissed.

Petitioner has asked that his motion be amended to raise the *Booker* issue, as stated above. As the record shows, the district court treated the sentencing guidelines as advisory under *Booker* when it sentenced Petitioner. (Tr. of sentencing hearing at 2-3, 14.) Petitioner received a sentence below the guideline range as a result. Because the court did not treat the guidelines as mandatory, Petitioner's claim of a *Booker* error is without merit. *See Booker*, 543 U.S. at 264 (stating that the guidelines remain in effect and must be consulted but are not mandatory). This claim should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 1) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: April 14, 2006